J-S29036-17, J-S29037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO CINTRON, | : | |
| | : | |
| Appellant | : | No. 1503 EDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000249-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO CINTRON, | : | |
| | : | |
| Appellant | : | No. 1506 EDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003117-2014

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 12, 2017**

Appellant Francisco Cintron appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County after Appellant was convicted of Manufacture, Delivery, or Possession with Intent to Manufacture

_____

[*] Former Justice specially assigned to the Superior Court.

or Deliver (two counts), Conspiracy (two counts), Criminal Use of a Communication Facility, and Drug Delivery Resulting in Death.[1,2] As Appellant failed to submit an appropriate concise statement of errors complained of on appeal as required by Pa.R.A.P. 1925(b), all his arguments are waived on appeal. Accordingly, we affirm the judgment of sentence.

The trial court aptly summarized the factual background as follows:

On March 1, 2014, Appellant, Francisco "Frank" Cintron sold Cindy Brower twenty-eight bags of heroin stamped "Bad News" for $160. Ms. Brower had bought heroin from Appellant more than sixty times prior to this occasion. Immediately after Appellant sold Ms. Brower heroin, Ms. Brower met Ryan Nocera to sell three bags of heroin per Mr. Nocera's request. In exchange for $30, Ms. Brower gave a cigarette pack to her boyfriend, Daron Martin, who then passed it to Mr. Nocera. The cigarette pack contained three bags of heroin.

Later that evening on March 1, 2014, 19-year-old Ryan Nocera's father found him on the bathroom floor, not breathing, with no pulse. Upon arrival of first responders, Mr. Nocera received CPR (continued from when the father found him unresponsive), and injections of Naloxone, an opioid antagonist. Medical professionals reestablished a normal heartbeat but Mr. Nocera's brain was irreparably damaged from a lack of oxygen effectively rendering him brain dead. Fentanyl, a potent analgesic, was present in Mr. Nocera's blood.

---

[1] 35 Pa.C.S. § 780-113(a)(30), 18 Pa.C.S. § 903, 18 Pa.C.S. § 7512(a), and 18 Pa.C.S. § 2506(a), respectively.

[2] Appellant was charged on two separate dockets for the relevant crimes. The trial court consolidated the two dockets for Appellant's waiver trial. While Appellant filed notices of appeal at both dockets, he raises identical challenges in each appeal.

After Mr. Nocera was transported to Doylestown Hospital, Officer Timothy Johnson of the Buckingham Township Police Department entered the bathroom where he found an iPhone, a pack of Newport cigarettes, a syringe, an orange needle top for the syringe, an unopened blue wax baggie, a spoon with visible of residue [sic], and a tie-off strap. Inside the Newport pack two blue wax baggies stamped "Bad News" were discovered with each baggie ripped open. The residue on the spoon and in the two blue wax baggies stamped "Bad News" all tested positive for fentanyl.

On March 2, 2014, Ms. Brower was notified Mr. Nocera was in a coma. Ms. Brower called the Appellant to inform him that her friend Mr. Nocera was in a coma and she received what was characterized as a "callous response." Just after midnight on the morning of March 3, 2014, Ms. Brower texted Appellant telling him she heard Mr. Nocera died. Appellant responded to Ms. Brower's text within one minute stating, "Don't repeat that to anybody."

Later on March 3, 2014, Ms. Brower visited the Abington Police Department to address a prior arrest for possession of heroin and registered as a confidential informant. After Ms. Brower left the police station, Appellant contacted her seeking transportation to Philadelphia, Pennsylvania, to resupply on heroin. Ms. Brower informed the Abington Police Department about the scheduled trip to resupply and they established a surveillance team to track Ms. Brower and Appellant into Philadelphia. On the drive down, Appellant agreed to give Ms. Brower heroin in exchange for the ride into Philadelphia. Appellant and Ms. Brower also discussed the death of Mr. Nocera – Appellant said he intended to change the name on the bags and dull the contents as a result of Mr. Nocera's death. Ms. Brower and Appellant stopped on 5th Street in Philadelphia where the Appellant exited the vehicle to "pick up the stuff." Appellant returned asking Ms. Brower to open the trunk, he then entered the vehicle and they drove away to pick up more drugs (this time for Appellant's personal consumption). Some point after Appellant picked up the heroin and before Appellant purchased drugs for personal consumption, Ms. Brower sent a communication to the surveillance team that they collected the heroin. On the way back into Bucks County, police stopped the vehicle and arrested Ms. Brower and Appellant. Appellant identified himself as Jason Rivera to the arresting officer.

- 3 -

After the arrest, Det. Timothy Carroll of the Bucks County District Attorney's Office interviewed the Appellant, [who was] still using the name Jason Rivera, after adequately informing Appellant of his **Miranda** rights, of which Appellant waived. Appellant told Det. Carroll that he traveled into Philadelphia to buy "three-and-a-half racks of heroin" for $800 from a man named "Wilson." Appellant claimed he only sold heroin to make money on the side – his full time job was in landscaping. Appellant gave consent to search the white Dodge and his cellular telephone.

Detective Scott Selisker of the Warminster Township Police Department inspected Ms. Brower's impounded white Dodge that police observed her driving with Appellant on March 3rd up until their arrest. Det. Selisker discovered 476 bags, holding 10.76 grams of heroin inside the truck of the impounded white Dodge. The bags were packaged inside three packages wrapped in plain paper with tape and held together by a rubber band. The blue wax paper bags were stamped "Playboy," enclosed in bundles of plastic bags, and each blue wax paper bag contained a white powdered substance.

On March 4, 2014, Dr. Ian Hood performed an autopsy on Mr. Nocera. Dr. Hood noticed "nontherapeutic needle" puncture marks similar to those of a diabetic type 30-gauge needle, not the type used in the hospital or in resuscitation. Upon arriving at the Doylestown Hospital three days earlier, Mr. Nocera's blood contained fentanyl at twenty-four nanograms per milliliter – six times the lethal amount even for an opiate tolerant individual. Dr. Hood determined the cause of death as fentanyl toxicity.

Two days after the initial interview of Appellant, on March 5, 2014, Detective Carroll conducted a second interview. Appellant issued a written statement revealing he knew of Mr. Nocera's overdose and of another's overdose from the "Bad News" heroin he was distributing. Appellant's reaction to the overdoses was to call Wilson, the man he purchased "Bad News" from to inform him of the overdoses and to get more heroin. After driving down to Philadelphia with Ms. Brower, the same manufacturer of "Bad News" heroin sold Appellant a less potent batch of heroin with the stamp "Playboy." Appellant also admitted to placing a call to Wilson on the jailhouse phone to notify him of the police investigation.

- 4 -

Trial Court Opinion (T.C.O.), 6/21/16, at 2-6 (citations and quotation marks omitted).

After a bench trial, Appellant was convicted of the aforementioned charges. On December 18, 2015, the trial court sentenced Appellant to an aggregate sentence of twelve and one half to twenty-five years' imprisonment to be followed by five years' probation. On December 28, 2015, Appellant filed a motion for reconsideration of his sentence, which was denied by operation of law on April 28, 2016. This timely appeal followed. After the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant filed a statement raising forty-three issues for appellate review.

Appellant raises the following issues for our review on appeal:

I.    Whether the Commonwealth failed to meet their burdens of proof.

II.    Whether the sentence imposed was improper or excessively punitive or purely based on emotion.

III.    Whether post trial motions should not have been denied by operation of law when the trial and sentencing transcripts were not completed precluding briefing and oral argument.

IV.    Whether the Appellant's motion to suppress should have been granted.

V.    Whether the evidence was insufficient to sustain a verdict of guilty.

VI.    Whether the verdict was against the weight of the evidence where the testimony was non-existent and insufficient to prove any charge.

Appellant's Brief, at 10 (citations and quotation marks omitted).

Before we reach the merits of Appellant's arguments, we note that the trial court found all of Appellant's arguments were waived by Appellant's failure to file a concise and coherent 1925(b) statement to allow the trial court to understand the issues being raised on appeal. The trial court provided the following:

> The Superior Court made clear that "Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." [**Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa.Super. 2007).] … When an appellant raises an "outrageous" number of issues in a 1925(b) statement, an appellant "ha[s] deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[s] thereby effectively precluded appellate review of the issues they now seek to raise." **Kanter v. Epstein**, 866 A.2d 394, 401 (Pa.Super. 2004).
>
> ***
>
> Appellant's Statement of Errors covers six pages and features forty-three (43) separately numbered statements of error, many of which are redundant, vague, confusing, or a combination of those features. This Court finds that such a statement can hardly be considered coherent, nor concise, and the "voluminous" nature of the filing impedes the Court's ability to provide a comprehensive analysis of the relevant issues.
>
> Evidence of the voluminous and incoherent nature of this appeal is in claim thirteen (13) asserting Appellant should receive relief because "Cindy Brower's other supplier should have been charged with the same crime as the appellant." (emphasis removed). Such an erroneous claim exemplifies the logical disconnect repeatedly found in Appellant's concise statement of errors. Stating an opinion concerning charges to a third party does not rise to an appealable issue, let alone a legal one. The logic gap extends further upon seeking a remedy from the court based on whether or not the Commonwealth decides to prosecute an individual unrelated to Appellant's culpability.

T.C.O., at 12-13 (citations and quotation marks omitted).

We agree that Appellant did not sufficiently identify the issues he wished to raise on appeal in his 1925(b) statement. This Court has provided that "[t]he purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal." **Mahonski v. Engel**, 145 A.3d 175, 180 (Pa.Super. 2016). Rule 1925 specifically states the following:

> (i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
>
> (ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge....
> ***
> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of issues raised will not alone be grounds for finding waiver.
> ***
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(i), (ii), (iv), and (vii).

This Court has interpreted Rule 1925(b) to require a statement that is "sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." **Commonwealth v. Jiricko**, 947 A.2d 206, 210 (Pa.Super. 2008). Moreover,

- 7 -

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super. 2016) (quotation omitted).

Thus, this Court has concluded that the submission of a Rule 1925(b) Statement which is so voluminous, vague, incoherent, or confusing as to prevent the trial court from engaging in a meaningful analysis results in waiver of all claims presented. *See Mahonski*, *supra* (finding waiver of all claims where Statement was overly vague, redundant, and contained multiple sub-issues); *Ray*, *supra* (finding waiver of all claims where the appellant failed to identify his claims in an adequate and concise manner).

In this case, we agree with the trial court's characterization of Appellant's "concise statement" containing forty-three issues as "redundant, vague, confusing, or a combination of those features." Although Appellant was convicted of six separate charges, neither his concise statement or his questions presented statement of his appellate brief specifically identifies which conviction he wishes to challenge; instead, he vaguely raises sufficiency and weight claims and asserts that the Commonwealth did not meet unspecified burdens. In the same manner, while he argues that the trial court erred in denying his suppression motion, he does not set forth the

specific grounds of error. Moreover, many of Appellant's claims are incoherent and incredibly vague, such as Appellant's assertion that the "trial court's rulings on objections were clearly erroneous and/or constituted abuses of discretion." 1925(b) statement, at 1.

Therefore, as Appellant failed to adequately identify in a concise manner the issues he sought to pursue on appeal, Appellant has waived all the arguments he presented for appellate review. Accordingly, we affirm the judgment of sentence.

Affirmed.

Solano, J. Concurs in the Result.

Lazarus, J. files a Concurring/Dissenting Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2017