2016 PA Super 172

| | |
|---|---|
| JOANNE F. MAHONSKI, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF FRANCIS J. MAHONSKI, BERNICE WINDER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WALTER J. WINDER, DIANE K. MASTERS, ADMINISTRATRIX OF THE ESTATE OF ROBERT C. MAHONSKI AND EXECUTRIX OF THE ESTATE OF ELEANOR B. MAHONSKI, LEONA A. KLEMENTOVICH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF LEO A. KLEMENTOVICH, AND LEO F. KLEMENTOVICH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CAROLINE M. ENGEL, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HOWARD A. ENGEL; JOSEPH L. RIDER, INDIVIDUALLY, TRADING AND DOING BUSINESS AS LAW OFFICES OF JOSEPH L. RIDER, AND AS TRUSTEE AD LITEM FOR LAW OFFICES OF JOSEPH L. RIDER; PAUL A. ROMAN, INDIVIDUALLY, TRADING AND DOING BUSINESS AS LAW OFFICES OF JOSEPH L. RIDER, AND AS TRUSTEE AD LITEM FOR LAW OFFICES OF JOSEPH L. RIDER; LAW OFFICES OF JOSEPH L. RIDER; RANGE RESOURCES APPALACHIA, LLC; AND RANGE RESOURCES CORPORATION, | |
| Appellees | No. 1123 MDA 2015 |

Appeal from the Judgment Entered September 28, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 11-01458

| | |
|---|---|
| JOANNE F. MAHONSKI, BERNICE WINDER, DIANE K. MASTERS, EXECUTRIX OF THE ESTATE OF ELEANOR B. MAHONSKI, AND LEONA A. KLEMENTOVICH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CAROLINE M. ENGEL, | |
| Appellee | No. 1160 MDA 2015 |

Appeal from the Judgment Entered July 6, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 12-01292

| | |
|---|---|
| JOANNE F. MAHONSKI, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF FRANCIS J. MAHONSKI, BERNICE WINDER INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WALTER J. WINDER, DIANE K. MASTERS, ADMINISTRATRIX OF THE ESTATE OF ROBERT C. MAHONSKI AND EXECUTRIX OF THE ESTATE OF ELEANOR B. MAHONSKI, LEONA A. KLEMENTOVICH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF LEO A. KLEMENTOVICH, AND LEO F. KLEMENTOVICH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CAROLINE M. ENGEL, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HOWARD A. ENGEL; JOSEPH L. RIDER, INDIVIDUALLY, TRADING AND DOING | |

- 2 -

J-A18041-16, J-A18042-16, J-A18043-16

BUSINESS AS LAW OFFICES OF JOSEPH
L. RIDER, AND AS TRUSTEE AD LITEM
FOR LAW OFFICES OF JOSEPH L. RIDER;
PAUL A. ROMAN, INDIVIDUALLY,
TRADING AND DOING BUSINESS AS
LAW OFFICES OF JOSEPH L. RIDER, AND
AS TRUSTEE AD LITEM FOR LAW
OFFICES OF JOSEPH L. RIDER; LAW
OFFICES OF JOSEPH L. RIDER; RANGE
RESOURCES APPALACHIA, LLC; AND
RANGE RESOURCES CORPORATION,

                    Appellees               No. 2113 MDA 2015

Appeal from the Judgment Entered November 20, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 11-01458

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:          **FILED AUGUST 08, 2016**

This case involves three separate appeals from matters arising from two cases filed in the Court of Common Pleas of Lycoming County in which the trial court entered judgment in favor of Appellees Caroline M. Engel, Atty. Paul A. Roman, Atty. Joseph L. Rider, the Law Offices of Joseph L. Rider, Range Resources Appalachia, LLC, and Range Recourses Corporation.[1] For the following reasons, we affirm.

The present action with a muddled procedural history arose out of a family dispute concerning a 1990 real estate transaction involving the sale of

---

[*] Former Justice specially assigned to the Superior Court.

[1] This Court consolidated these three cases on appeal for ease of review as their procedural histories are closely intertwined.

- 3 -

362.2 acres of unimproved mountain land in Cogan House Township and the property's corresponding subsurface rights. At that time, the property was owned in fee simple by nine siblings.[2] Appellants, other than Atty. Leo Klementovich, are the siblings or the representatives of the siblings' estates and/or the estates of the siblings' spouses (collectively the "Appellant Siblings"). Atty. Klementovich is the son of Appellant Sibling Leona A. Klementovich and was granted an interest in the property from his mother.

In March 1990, Appellee Caroline M. Engel ("Appellee Engel"), who was one of the siblings, approached her family with an offer to purchase the property. Atty. Klementovich orchestrated and conducted a private family meeting with Appellant Siblings to set the terms upon which they would sell the property to Appellee Engel. Atty. Rider and Atty. Roman ("Appellee attorneys") were not involved in these negotiations. The terms sheet set the purchase price at $135,000, conveyed 51% of the oil and gas rights to Appellee Engel, leaving the remaining percentage to be divided among the

---

[2] The nine siblings are: Bruno Chester Mahonski (not participating in this action), Robert C. Mahonski (estate represented by Diane K Masters), Francis J. Mahonski (estate represented by Joanne F. Mahonski), Bernice Winder (participating in her own right and on behalf of the estate of Walter J. Winder), Phyllis M. Griggs (not participating in this action), Leona A. Klementovich (participating in her own right and on behalf of the estate of Leo A. Klementovich), Helen M. Churba (not participating in this action), Eugenia E. Woltz (not participating in this action) and Appellee Caroline M. Engel (named a defendant in her own right and as representative of the estate of Howard A. Engel).

remaining siblings. Appellants concede they wished to give Appellee Engel exclusive leasing rights to the property as there were so many owners with large families. Atty. Klementovich claimed that he spoke to Atty. Roman who opined that, in order to grant leasing control to Appellee Engel, the sale would have to convey a majority interest to Engel.

Appellee Engel and Atty. Klementovich sought the assistance of Appellee attorneys to prepare a written agreement of sale and an assignment of the subsurface rights. The drafted agreement was revised several times based on negotiations between Atty. Klementovich and Appellee Engel. Atty. Klementovich insisted that the agreement contain an integration clause to declare the contract to be the full and final contract between the parties that would supercede any other agreements, oral or written, on the same subject. In addition, Atty. Klementovich assured Appellee attorneys that despite the fact that Appellee attorneys had drafted the sale agreement for parties with conflicting interests, Atty. Klementovich believed "all interests can be adequately protected by one attorney." Trial Ct. Opinion, 11/20/15, at 3.

In the final agreement that was executed in October 1990, the parties agreed that Appellants would retain interests in "all minerals, gas, petroleum, and coal royalties paid under existing and future leases." *Id.* Appellant Siblings' interests ranged between 5.444% and 6.125% while Appellee Engel received 56.444%. Appellee attorneys did not meet with any of Appellant Siblings, who did not request to speak with counsel at any point

before signing the documents. Both Appellee Engel and Appellant Siblings shared in the Appellee attorneys' legal fees.

Nearly twenty years later, in July 2010, Atty. Klementovich discovered that Appellee Engel had entered into a lease of the subsurface rights in January 2008 with Great Lakes Energy Partners, LLC and had received $125,197.45 from Great Lakes' successor, Appellee Range Resources. As no drilling for natural gas ever took place, neither Appellee Engel nor Appellants received any royalties.

In August 2011, Appellants, represented by Atty. Klementovich, filed the first complaint at civil docket 11-01458 to challenge the validity of the 1990 property sale and gas rights assignment. In the first complaint, Appellants raised counts of fraud, breach of fiduciary duty, "account and render," and "reformation" against Appellees Engel and Range Resources, as well as professional negligence, breach of contract, and breach of fiduciary duty against Appellee attorneys and their law firm. The complaint also included a quiet title claim with respect to the property's subsurface rights.

Appellees Engel, Atty. Rider, and Atty. Roman filed preliminary objections to Appellants' complaint. The trial court granted Appellee Engel's preliminary objections to Count II (breach of fiduciary duty) and Count III (account and render), but overruled all other preliminary objections.

On August 7, 2012, Appellants filed a second complaint at civil docket 12-01292 against Appellee Engel for breach of contract and breach of fiduciary duties, seeking a proportionate percentage share of the lease

payment that Appellee Engel received from Appellee Range Resources. This case was initially consolidated with the first complaint docketed at 11-01458. To avoid confusion, we will refer to the first complaint docketed at 11-01458 as the "property sale action" and the second complaint docketed at 12-01292 as the "lease action."

After discovery progressed, all Appellees filed motions for summary judgment in the property sale action. The trial court granted Appellee Range Resources' motion and dismissed all of Appellants' claims against it without opposition. In addition, the trial court granted summary judgment in favor of Appellee Engel on Appellants' fraud claim, specifically finding the applicable statute of limitations barred the action, which was filed twenty years after the deed was executed. Order, 4/21/15, at 1. However, the trial court denied the motion for summary judgment filed by Appellee attorneys, specifically finding that the statute of limitations was not a bar pursuant to the discovery rule. The trial court found that there was never a triggering event for Appellants to question the legal advice of Appellee attorneys prior to notice of Appellees' lease in 2010.

Appellants subsequently appealed the trial court's entry of summary judgment on the fraud claim against Appellee Engel, but this Court dismissed the appeal as it was taken from a non-appealable interlocutory order. While the appeal was pending, the trial court severed the previously consolidated cases, cancelled the trial against the Appellee attorneys, and ordered Appellants to proceed to trial on their remaining claims in both

actions against Appellee Engel.[3] The trial court held two separate trials: a bench trial on the quiet title count and request for declaratory judgment in the property sale action and a jury trial on the claims in the lease action. At the conclusion of the lease action trial held on May 20-21, 2015, the jury returned a verdict in favor of Appellee Engel. Appellants filed their first post-trial motion in the lease action on June 1, 2015.[4]

In an order docketed on June 9, 2015, the trial court dismissed Appellants' claims heard at the bench trial. With respect to Appellants' request for declaratory relief pertaining to the "respective rights of the parties pursuant to the assignment of the lease," the trial court found that Appellants:

> surrendered all of their interest, and thus entitlement to any
> monies received, under any leasing of the subject tract for oil,
> gas, or other mineral exploration, with the exception of royalties
> received from the extraction of any oil, gas, or other minerals, to

---

[3] Although the trial court continued to resolve Appellants' claims while an appeal was pending in this Court, the trial court was not divested of its jurisdiction upon the filing of this notice of appeal as Appellant sought review of a non-appealable interlocutory order. *See* Pa.R.A.P. 1701 (stating that a trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order"). *See also Melani v. Nw. Eng'g, Inc.*, 909 A.2d 404, 406 (Pa. Super. 2006) (finding appeal before the entry of judgment did not divest the trial court of jurisdiction since the appeal was from an interlocutory order).

[4] Appellants' first post-trial motion was timely filed within ten days of the jury's verdict pursuant to Pa.R.C.P. 227.1 as the tenth day fell on Sunday, May 31, 2015.

which [Appellants] are entitled to a percentage share as set forth in the deed.

Trial Court Order, docketed 6/9/15, at 1. Appellants filed a second post-trial motion on June 10, 2015, which was filed at both dockets. On June 29, 2015, the trial court entered an order denying both of Appellants' post-trial motions.

Appellants filed notices of appeal in both cases before the trial court had entered judgment. This Court docketed the appeal of the property sale action at 1124 MDA 2015 and the appeal of the lease action at 1160 MDA 2015. The Lycoming County Prothonotary subsequently entered judgment in favor of Appellee Engel in the lease action on July 6, 2015, and in the quiet title claim in the property sale action on September 28, 2015.

Nevertheless, at that point, Appellants' claims against Appellee attorneys had not yet been resolved in the property sale action. On September 10, 2015, Appellee attorneys filed a second motion for summary judgment. On November 20, 2015, the trial court granted the motion for summary judgment. Appellants filed a timely notice of appeal, which was docketed in this Court at 2113 MDA 2015.

We note that the trial court's entry of summary judgment on November 20, 2015 against Appellee attorneys was a final order that disposed of all parties in the property sale case and rendered the prior orders dismissing the claims against the other Appellees final under Pa.R.A.P. 341. *See Betz v. Pneumo Abex, LLC*, 615 Pa. 504, 547, 44 A.3d 27, 54 (2012) (stating that "an appeal of a final order subsumes

challenges to previous interlocutory decisions"); **K.H. v. J.R.,** 573 Pa. 481, 494–95, 826 A.2d 863, 871–72 (2003) (appeal from denial of post-trial motions was no longer interlocutory after the trial court's subsequent entry of judgment in the case pursuant to Pa.R.A.P. 905(a)). Although Appellants' appeal of the order in the property sale case entering judgment against Appellee Engel was prematurely filed, the appeal was subsequently perfected when the final, appealable order was entered, dismissing the claims against the remaining parties. **See** Pa.R.A.P. 905 ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")

Before we reach the merits of these appeals, we must first address Appellee Engel's motion to quash Appellants' first two appeals docketed at 1124 MDA 2015 and 1160 MDA 2015. Appellee adopts the argument of the trial judge who filed a "Statement in Lieu of Formal Opinion," refusing to address the eighty-seven issues Appellants raised for appellate review in their "concise" ten-page statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court specifically found that Appellants waived their right to appeal by filing an outrageous number of claims in their 1925(b) statement in bad faith in an attempt to overwhelm the court.

The purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal. The rule sets clear requirements to avoid waiver:

(i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

***

(iv) *The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.*

Pa.R.A.P. 1925(b)(4)(i)-(ii),(iv) (emphasis added).

We begin by discussing a similar case, ***Kanter v. Epstein***, 866 A.2d 394, 401 (Pa. Super. 2004), in which this Court held that the appellants' attempt to raise 104 issues in their 1925(b) statement "deliberately circumvented the meaning and purpose of Rule 1925(b) and … thereby effectively precluded appellate review of the issues [they sought] to raise." In ***Kanter***, a panel of this Court found that the defendants in a relatively straightforward breach of contract action had violated the rules of appellate procedure and the duty of dealing in good faith by raising an outrageous number of issues in their 1925(b) statements. This Court found that the only "motive underlying such conduct is to overwhelm the court system to such an extent that the courts are forced to throw up their proverbial hands in frustration." ***Id***. at 402.

However, in a subsequent decision in ***Eiser v. Brown & Williamson Tobacco Corp.***, 595 Pa. 366, 938 A.2d 417 (2007) (Baldwin, J., plurality),

- 11 -

our Supreme Court provided that "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." *Id*. at 384, 938 A.2d at 427-28. However, the Supreme Court distinguished the underlying facts of *Eiser*, indicating that unlike *Kanter*, the appellants had a reasonable basis to include a large number of issues in their 1925(b) statement as they had filed a complicated lawsuit with numerous counts and multiple defendants that resulted in a large number of trial court rulings.

Nevertheless, the Supreme Court in *Eiser* indicated that in a rare case, like *Kanter,* where a trial court concludes there was an attempt to thwart the appellate process by including an exceptionally large number of issues in a Rule 1925(b) statement, waiver may result. *Id*. at 384, 938 A.2d at 428. While the trial court in *Eiser* did not find that the appellants had acted in bad faith by filing a lengthy 1925(b) statement, the Supreme Court acknowledged that a disgruntled appellant could file a voluminous 1925(b) statement in retaliation against a trial judge who did not rule in his favor. As a result, the Supreme Court required lower courts to determine whether the circumstances indicate that the appellant's action was motivated by bad faith. *Id.* at 383, 938 A.2d at 427 n. 16.

More recently, in *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008), this Court emphasized that a 1925(b) statement must be "sufficiently concise and coherent such that the trial court judge may be able

to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." After analyzing the decisions in **Eiser** and **Kanter**, this Court found that as the appellant in **Jiricko** filed a 1925(b) statement characterized as an incoherent, confusing, redundant, defamatory rant, the appropriate remedy was to find waiver of the appellant's claims.

Here, Atty. Klementovich filed 1925(b) statements in support of the appeals at 1123 MDA 2015 and 1160 MDA 2015 containing eighty-seven unnumbered issues for appellate review. Although the Supreme Court found it reasonable for the appellant to raise a large number of issues on appeal in the complex litigation in **Eiser**, this case does not involve complicated causes of action, but concerns conventional breach of contract claims that only required a two-day trial. Our review of the 1925(b) statements confirms the trial court's observation that Appellants' issues are "overly vague, redundant, [and] prolix" and some contain multiple sub-issues.

More importantly, we recognize the trial court refused to draft an opinion analyzing Appellants' eighty-seven issues as it made a specific finding of fact that Atty. Klementovich had filed the 1925(b) statements in bad faith. We note the Atty. Klementovich's issues for appeal include flippant remarks demonstrating disrespect of the judicial process, indicating that the "the jury, indeed the entire trial, decided precisely nothing." 1925(b) statement, 10/9/15, at 8. In another claim of error, Atty. Klementovich vaguely argued that Appellants were entitled to a new trial because "the jury demonstrably did not understand the most basic concepts

of oil and gas law critical to interpreting the parties' legal rights under the documents." 1925(b) statement, 10/9/15, at 8.

Appellants also filed motions in the trial court and in this Court asking for the opportunity to revise their 1925(b) statements to avoid waiver. Appellants unapologetically claimed that they believed it was necessary to submit eighty-seven claims on appeal as there were "many, many errors of consequence," blaming the trial court for failing to provide reasoning for each error when they were committed and in failing to address similar claims in their post-trial motions, which Appellants set forth in "exquisite detail." Response to Application to Quash, 12/17/15, at 7. Accusing the trial court of careless review, Atty. Klementovich asserts that "if [the trial judge] had conscientiously considered the arguments on all these issues when they originally arose, [he] should by this time have a thorough understanding of them." *Id.* at 10. Atty. Klementovich threatened that if the trial court refused to rule in Appellants' favor, "it will be clear beyond peradventure that the court is motivated by prejudice, acrimony, bias, and ill will against Appellants' counsel, rather than a good faith desire to see the issues presented on the appeal decided on the merits." Motion, 12/14/15, at 5.

The record supports the trial court's determination that Appellants' voluminous 1925(b) statements failed to set forth non-redundant, non-frivolous issues in an appropriately concise matter. We will not disturb the trial court's finding of fact that Appellants filed these two statements in bad faith, deliberately circumventing the purpose of Rule 1925(b) in violation of

our Rules of Appellate Procedure. Although Appellants have asked that we remand to the trial court to allow them to file a shorter 1925(b) statement, the plain language of Rule 1925(b) allows appellate courts to respect the trial court's determination that the number of issues raised was so abusive that the appropriate remedy was to deem all appellate claims waived. As a result, we conclude that the trial court did not err in dismissing the claims raised in the appeals docketed at 1123 MDA 2015 and 1160 MDA 2015.

Appellants' remaining claims on appeal were docketed by this Court at 2113 MDA 2015. Appellant challenges the trial court's decision to grant summary judgment on all the claims raised against Appellee attorneys who assisted Atty. Klementovich in drafting the documents for the 1990 property transfer pursuant to the terms agreed by the parties. Appellants also contend the trial court erred in granting summary judgment in favor of Appellee Engel on Appellants' fraud and breach of fiduciary duty claims.

Before we reach the merits of these arguments, we must determine whether Appellants' claims are timely filed. As noted above, the trial court found Appellants' claims against Appellee Engel were time barred by the statute of limitations as the action was filed over twenty years after the deed was executed. However, the trial court found the discovery rule applied to allow review of Appellants' claims against Appellee attorneys.

An action to recover damages for injury to person or property which sounds in fraud is governed by a two-year statute of limitations. *See* 42 Pa.C.S. § 5524(7). A four-year statute of limitations applies to the legal

malpractice claim based in contract principles. 42 Pa.C.S. § 5525; **Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 571 (Pa. Super. 2007). Generally, the statute of limitations begins to run when the right to institute and maintain a suit arises. **Toy v. Metro. Life Ins. Co.**, 863 A.2d 1, 7 (Pa. Super. 2004), *affirmed*, 593 Pa. 20, 928 A.2d 186 (2007). The discovery rule provides an exception in circumstances where the right to institute suit has arisen, but it is not reasonable to expect the party, who has exercised due diligence, to discover that he has been injured. **Id**. Pursuant to the discovery rule, the statute of limitations is tolled until the plaintiff knows, or in the exercise of reasonable diligence should have known, that he/she has been injured and that her injury was caused by another's conduct. **Id**.

We first analyze Appellants' argument that the trial court erred in finding the statute of limitations barred its fraud claim against Appellee Engel. Appellants' claim is based on their assertion that Appellee Engel fraudulently changed the terms of sale given to Appellee attorneys to prepare the initial sales documents. While Appellants acknowledge that the two-year statute of limitations has passed and attempt to invoke the discovery rule exception, they fail to explain how they were prevented from discovering this alleged fraud for twenty years. Appellants admit that they read, signed, and executed the agreement of sale, the deed, and the assignment, but assert that they could not themselves understand the documents they signed which explicitly set forth the parties' terms of sale. However, "[l]ack of knowledge, mistake or misunderstanding, will not toll

the running of the statute." ***Pocono [International] Raceway v. Pocono Produce, Inc.***, 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). Appellants' dissatisfaction with the terms that they agreed to in the relevant documents does not allow them to avoid the time bar set forth in the applicable statute of limitations. Accordingly, we conclude that the trial court did not err in entering summary judgment in favor of Appellee Engel on these claims in the property sale action.

With respect to Appellants' claims against Appellee attorneys, we note that the trial court found that Appellants did properly invoke the discovery rule to allow their action to proceed as there was no "triggering event [for Appellants] to question [Appellee attorneys'] legal advice prior to notice of the lease in 2010." Order, 4/21/15, at 1. We observe that this Court has held that "the trigger for the accrual of a legal malpractice action, for statute of limitations purposes, is not the realization of actual loss, but the occurrence of a breach of duty." ***Ferretti***, 935 A.2d at 572.

While the trial court initially denied Appellee attorneys' claim that Appellants' action was barred by the statute of limitations, it subsequently granted Appellee attorneys' motion for summary judgment finding that Appellants failed to show Appellee attorneys breached a duty to Appellants. We note that the parties disagree on whether Appellee attorneys represented all nine siblings in the sale of the property or limited their role to drafting the relevant documents for Appellee Engel.

Appellants' malpractice claim hinges on their assertion that Appellee attorneys gave them incorrect legal advice to give Appellee Engel a majority share of the mineral rights to establish control. However, the trial court emphasized that Atty. Klementovich, who is also a licensed legal practitioner, played a significant role in fashioning the terms of the sales agreement at the family meeting, revising the sales agreements between the parties, and negotiating on behalf of the Appellant Siblings, who never sought specific legal advice from Appellee attorneys. With respect to the legal advice that Appellants found improper, the trial court noted that Appellee Atty. Roman communicated this information to Atty. Klementovich, not Appellants. We agree with the trial court's finding that Atty. Roman did not owe any duty to Atty. Klementovich who was not a client but a fellow attorney with the training, education, and ability to research the issue and form a conclusion. *See Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 806 (Pa. Super. 2007) ("[t]o maintain a claim of legal malpractice based on negligence, a plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney"). As a result, we find the trial court did not err in granting summary judgment in favor of Appellee attorneys.[5]

_____

[5] In granting summary judgment, the trial court also found that Appellants' claims must fail as the fact that any harm that resulted from Appellee attorneys' advice is mere speculation as there is no reasonable basis upon

*(Footnote Continued Next Page)*

For the foregoing reasons, we affirm the trial court's orders filed in both docketed cases and the resulting three appeals.

Orders affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2016

---

*(Footnote Continued)* ──────────

which to award damages for the recovery of royalties. There are no entities seeking to extract any minerals or natural gas on this property.