J-A07042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DAVID A. JONES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ELAINE K. JONES, | : | |
| NOW KNOWN AS ELAINE K. BUCHANAN | : | |
| | : | No. 1519 WDA 2016 |
| Appellee | | |

Appeal from the Order September 8, 2016
in the Court of Common Pleas of Mercer County
Domestic Relations at No(s): 2011-3446

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 21, 2017**

David A. Jones (Husband) appeals from the September 8, 2016 order, wherein the trial court made no changes to the alimony and equitable distribution scheme after remand from this Court.  We affirm.

Husband and Elaine K. Jones, now known as Elaine K. Buchanan, (Wife), were married on June 29, 1974, and separated on September 18, 2011.  Husband filed a complaint for divorce on October 20, 2011.  Hearings before a family law master were held in January of 2014, on the issues of divorce, equitable distribution, alimony, and attorney fees and expenses. Subsequently, the master issued a written report containing findings of fact and conclusions of law.

---

*Retired Senior Judge assigned to the Superior Court.

Both parties filed exceptions to the master's report. On October 20, 2014, the trial court issued a memorandum opinion, granting in part and denying in part both parties' exceptions. Relevant to this appeal, the trial court granted Husband's exception requesting a credit against Wife's alimony equal to the amount he paid in alimony *pendente lite* (APL). Trial Court Memorandum Opinion, 10/20/2014, at 8.[1] Additionally, after analyzing the factors set forth at 23 Pa.C.S. § 3701(b), the trial court denied Husband's exception contesting the award of alimony over a period of twelve years, finding that the alimony award was equitable, and even though it may prevent Husband from retiring in five years as he planned, other factors justified the master's award of long-term alimony. *Id.* at 5-7.

Wife timely appealed to this Court. Husband did not file an appeal or a cross-appeal. On June 20, 2016, we issued a memorandum affirming in part, vacating in part, and remanding for proceedings consistent with the memorandum. ***Jones v. Jones***, 153 A.3d 1113 (Pa. Super. 2016) (unpublished memorandum). Relevant to this appeal, we vacated the trial court's alimony order, holding that the trial court abused its discretion and misapplied the law by crediting Wife's receipt of APL against her award of alimony. *Id.* at 10, 14. Because "our disposition of the alimony issue may alter the trial court's equitable distribution scheme," we remanded "for

---

[1] The memorandum opinion is unnumbered, but we add page numbers for ease of reference.

additional proceedings and for entry of an order consistent with this [m]emorandum." *Id.* at 14.

Notwithstanding the limited scope on remand, after conducting a status conference, the trial court ordered the parties "to submit briefs regarding the issue of whether the [m]aster's alimony recommendation was inequitable." Order, 8/1/2016, at 1. Following the parties' submission of briefs, the trial court entered an order reaffirming its previous findings set forth in paragraph 3(a) of the October 20, 2014 Memorandum Opinion and finding the master's alimony recommendation set forth in the master's report to be equitable notwithstanding the removal of the credit for prior APL payments. Order, 9/20/2016, at 1.

Husband timely filed an appeal of this order.[2] Husband sets forth two issues for our consideration.

---

[2] The trial court ordered Husband to file a concise statement pursuant to Pa. R.A.P. 1925, and Husband complied. The trial court filed a Rule 1925 opinion, opining that Husband violated Rule 1925 by listing 18 issues and citing to *Mahonski v. Engel*, 145 A.3d 175, 182 (Pa. Super. 2016). In *Mahonski*, this Court affirmed the trial court's dismissal of appellant's claims based upon the trial court's finding that the appellant's "voluminous 1925(b) statements failed to set forth non-redundant, nonfrivolous issues in an appropriately concise matter" and were filed in bad faith. *Id.* Although a number of Husband's issues are redundant and should have been omitted since they constitute subsidiary issues, *see* Pa.R.A.P. 1925(b)(4)(iv), because the issues are coherent and the trial court did not make a finding that Husband circumvented the process in bad faith, we will proceed with our review. *Mahonski*, 145 A.3d at 180-82. We also note, pertinent to our discussion later in this memorandum, that despite the number of Husband's issues, none of them relates to the limited issue on remand.

1. Did the trial court commit reversible error and abuse its discretion in simply accepting the [m]aster's recommended award of post-divorce alimony of $662,400.00 payable over a period of [12] years?

2. Did the trial court commit reversible error and abuse its discretion in failing to properly consider and apply all of the statutorily established criteria (in accordance with 23 Pa.C.S.[] § 3701(b)), thereby leading to an alimony award which was improper, inequitable and unfair?

Husband's Brief at 4 (suggested answers omitted).

As described above, the purpose of remand was for the trial court to determine whether eliminating the credit from the alimony award altered the equitable distribution scheme. Thus, our remand order was limited in scope.

"[I]n remanding a case for rehearing, [the appellate court] may limit the scope thereof to certain defined issues. This limitation restricts the power of the court below to a determination of those issues." *Quaker State Oil Ref. Co. v. Talbot*, 185 A. 586, 588 (Pa. 1936). "Where a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand. A remand does not permit a litigant a proverbial second bite at the apple." *Levy v. Senate of Pennsylvania*, 94 A.3d 436, 442 (Pa. Cmwlth. 2014) (internal citations and quotation marks omitted). *See also Agostinelli v. Edwards*, 98 A.3d 695, 706 (Pa. Super. 2014) (requiring strict compliance with the mandate of the appellate court on remand).

It is unclear from the record whether Husband initiated attempts to re-litigate the equitability of the alimony award on remand as Wife suggests, *see* Wife's Brief at 5, or whether reexamination of the alimony award was initiated *sua sponte* by the trial court. However, it is clear that the remand order permitted the trial court to determine only whether the equitable distribution scheme was altered, not to reexamine the alimony award. Nevertheless, after reviewing briefs from the parties and its prior analysis of the alimony award pursuant to 23 Pa.C.S. § 3701(b), the trial court concluded that the alimony scheme was equitable notwithstanding the removal of the credit equal to previously-paid APL and re-affirmed the award of alimony. The trial court did not make any changes to the equitable distribution scheme. *See* Rule 1925 Opinion, 11/9/2016, at 1; Order, 9/8/2016, at 1.

On appeal, Husband seeks to pay alimony for a shorter duration to permit him to retire. Husband's Brief at 20. His first issue centers on his argument that the twelve-year-alimony award is inequitable because the trial court failed to consider his income, age, and desire to retire. Husband's Brief at 9-13. His second issue is based upon his argument that the trial court failed to weigh factors in 23 Pa. C.S. § 3701(b) in the manner Husband would have liked. Husband's Brief at 14-19. Husband never argues that removing the credit for APL should have altered the equitable distribution scheme, the sole issue on remand. Husband's only argument regarding the

removal of the APL credit essentially consists of his bald assertion that the original imposition of the impermissible credit demonstrated that the trial court believed the alimony award was inequitable, and therefore, that entitled him to a do-over of the entire alimony award. *See* Husband's Brief at 17, 20.

The trial court, however, imposed the impermissible credit to avoid incentivizing Wife to prolong the divorce, not because it deemed the alimony award to be inequitable. *See* Trial Court Memorandum Opinion, 10/20/2014, at 8. Since it had concluded previously that the alimony award was equitable after applying the Section 3701(b) factors, the trial court stated there was no need to change the alimony award because it was independent of the credit for APL. Rule 1925 Opinion, 11/9/2016, at 1. Even if the trial court were permitted to expand the scope on remand, Husband makes no specific argument as to why removing the credit rendered the alimony award inequitable.

In short, all of the issues Husband asserts on appeal are ones that he asserted or could have asserted during the original action. Having decided not to appeal the trial court's October 20, 2014 order finding the alimony scheme to be equitable, Husband cannot now attempt to re-litigate the general equitability of the alimony award. To hold otherwise would give Husband an impermissible second bite at the apple.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017