J-A01034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES J. GOLDEN II | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAURA S. THAYER | : | No. 1687 EDA 2017 |

Appeal from the Order Dated April 27, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2005-07191

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 20, 2018**

James J. Golden, II, ("Father") appeals, *pro se*, from the order, entered in the Court of Common Pleas of Montgomery County, holding him in contempt for violating the property settlement agreement ("PSA"), incorporated in the divorce decree, entered into between him and Laura S. Thayer ("Mother"). We affirm.

The parties are the parents of one minor child, S.G., born November 2004.  When S.G. was in first grade, he was diagnosed with a learning disability; by agreement of the parties, S.G. began attending AIM Academy in Conshohocken in January 2013.[1]  From January 2013 through June 2016, the parties each paid one-half of the AIM tuition cost, which included speech and

---

[1] AIM Academy is a private preparatory school "for children in grades 1-12 with language-based learning disabilities such as dyslexia, dysgraphia, and dyscalculia."  https://www.aimpa.org/  (last visited Mar. 1, 2018).

---

\*   Retired Senior Judge assigned to the Superior Court.

language therapy sessions billed by the school. In August 2016, weeks prior to the start of the school year, Father informed Mother's counsel he would no longer contribute to private school tuition cost for S.G. Mother filed a petition for contempt and special relief on August 12, 2016, and Father filed an answer on September 1, 2016.[2]

The Honorable Patricia E. Coonahan held a hearing on March 22, 2017, found Father in contempt[3] and ordered Father to comply with the PSA by: (1) paying his share of the AIM Academy tuition for the 2017-2018 school year and all future years in which S.G. was enrolled at AIM Academy or other agreed-upon school; (2) paying one-half of speech and language therapy expenses billed by AIM Academy for 2016-2017 school year and all future years in which S.G. is enrolled at AIM Academy or other agreed-upon school; (3) reimbursing Mother for the speech and language expenses incurred during the 2016-2017 school year ($2,400); and (4) paying Mother $600 for his one-half share of summer tutoring expenses. The court awarded Mother counsel fees in the amount of $4,642.50 based on Father's obdurate, vexatious, and dilatory conduct. **See** Order on Petition for Contempt, 4/27/17. The court

_____

[2] Father did pay his share of the 2016-2017 AIM tuition, which he admitted in his answer to Mother's petition for contempt.

[3] The parties' PSA, dated July 25, 2007, provides, in relevant part:

7. Child Support. . . . If they agree that [S.H.] shall attend private or parochial school, the parties will equally share the costs.

PSA, 7/5/07, at 4, 8.

also granted Mother's petition for special relief, in which Mother requested an order allowing her to enroll S.G. in psychological counseling and an award of four (4) additional vacation days as make-up days to spend with S.G. in 2017. *See* Order on Petition for Special Relief, 4/27/17.

Father appealed. On May 24, 2017, the court ordered Father to file a Pa.R.A.P. 1925(b) concise statement of errors relied upon for appeal. Father filed his Rule 1925(b) statement on June 6, 2017. On June 12, 2017, Mother filed a motion to quash the appeal for Father's failure to raise identifiable issues. On July 12, 2017, in a per curiam order, this Court denied the motion without prejudice to Mother's right to raise the issue before this panel. As Judge Coonahan notes in her opinion, Father's Rule 1925(b) statement consists of four pages, a cover page and three pages that restate the court's April 27, 2017 orders and summarily conclude that the court erred and abused its discretion.[4]

Pursuant to Rule 1925(b)(4)(ii), the statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). *See Mahonski v. Engel*, 145 A.3d 175, 180 (Pa. Super. 2016) ("The purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal."). As Judge Coonahan points out, Father's

---

[4] Interestingly, at the contempt hearing, Father testified that he supported Mother's choice of the school, and that Mother "honestly looks out for the best interests of the child." N.T. Contempt Hearing, 3/22/17, at 107.

statement is "merely a narrative and reiteration/recitation of the court's April 27, 2017 orders" and it "fails to provide the court with any specific errors." Trial Court Opinion, 7/12/17. The court, therefore, was unable to respond in a meaningful manner, and found the issues waived. We agree. Father has failed to even minimally comply with Rule 1925(b). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). *See In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) (concise statement must be specific enough for trial court to identify and address each issue appellant wishes to raise on appeal; this Court may find waiver where concise statement is too vague). We, therefore, affirm the court's order. *See Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006) (where appellant alleged only broad grievance that trial court had erred, forcing court to guess which, if any, error it had committed, appellant waived issue).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/18

- 4 -