J-S23031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOUISE A. CARAFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK N. CARAFA | : | |
| | : | |
| Appellant | : | No. 2264 EDA 2017 |

Appeal from the Decree June 27, 2017
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  2009-015174

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 17, 2018**

Frank N. Carafa ("Husband") appeals from the divorce decree entered on June 27, 2017 by the Court of Common Pleas of Delaware County, related to the dissolution of his marriage to Louise A. Carafa ("Wife").  The trial court entered the final decree following an order resolving the parties' economic claims.  For the following reasons, we dismiss Husband's appeal.

Husband and Wife were married on October 5, 1974; after thirty-five years of marriage, the parties separated on November 6, 2009.  The parties have two adult children.  On November 19, 2009, Wife filed a complaint in divorce, seeking, *inter alia*, the equitable distribution of the parties' marital property.  The litigation continued for nearly seven years, during which Husband had retained at least thirteen attorneys, nearly all of whom filed separate petitions to withdraw their representation.

_____
*   Former Justice specially assigned to the Superior Court.

On September 20-22, 2016, the trial court held hearings on the parties' economic claims. At that time, Wife was fifty-nine years old and worked as a preschool teacher's assistant. Husband was sixty-two years old, worked as a court crier for the Montgomery County Court of Common Pleas, and received pension benefits from the Borough of Narberth and the Lower Merion Township Police Department. The Borough of Narberth pension provides lifetime health benefits, which Wife would no longer be eligible to receive after divorce.

On November 16, 2016, the trial court entered an equitable distribution order, dividing Husband's pensions equally between the parties as well as valuing and distributing the parties' property. The trial court subsequently entered a final divorce decree on June 27, 2017 and Husband filed a notice of appeal on July 14, 2017.[1]

By order entered July 25, 2017, the trial court directed Husband to file a concise statement pursuant to Pa.R.A.P. 1925(b). Husband's timely statement contained forty-six issues for appellate review. The trial court filed a responsive opinion on September 11, 2017, refusing to address the merits of Appellant's claims as it found that Husband's Rule 1925(b) statement was "not only inordinately voluminous[, but] its substance [was] just short of incomprehensible." Trial Court Opinion (T.C.O.), 9/11/17, at 2.

_____

[1] A pre-divorce decree distributing marital property is interlocutory; once a final divorce decree is entered, the decree of equitable distribution is ripe for appellate review. *Campbell v. Campbell*, 516 A.2d 363, 366 (Pa.Super. 1986).

We agree with the trial court's assessment that Appellant failed to file a concise and coherent 1925(b) statement to allow the court to identify and address the issues raised on appeal. Specifically, Rule 1925(b) requires that:

> (i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
>
> (ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
> ***
> (iii) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

Pa.R.A.P. 1925(b)(i), (ii), (iv).

Pennsylvania Courts have repeatedly held that an appellant waives all matters for review where he identifies an outrageous number of issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding seven page, twenty-nine issue statement resulted in waiver); *Kanter v. Epstein*, 866 A.2d 394 (Pa.Super. 2004) (finding fifteen page, fifty-five issue statement resulted in waiver). However, "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." *Mahonski v. Engel*, 145 A.3d 175, 181 (Pa.Super. 2016) (quotation marks and quotation omitted). We have recognized that the complexity of the matter under review is a consideration

for courts to make prior to finding waiver based on the sheer volume of the concise statement.  *Id.*

Moreover, this Court has held:

> Rule 1925 is intended to aid [lower court] judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the [lower] court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all.

*Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super. 2016) (quotation omitted).

Accordingly, this Court has concluded that the submission of a Rule 1925(b) statement which is so redundant, vague, incoherent, or confusing as to prevent the lower court from engaging in a meaningful analysis results in waiver of all claims presented.  *Mahonski*, *supra* (finding waiver of all claims where statement was overly vague, redundant, and contained multiple sub-issues); *Ray*, *supra* (finding waiver of all claims where the appellant failed to identify his claims in an adequate and concise manner).

In this case, the trial court found that Appellant failed to comply with the requirements of Rule 1925 in submitting a six-page statement listing forty-six issues, which the trial court characterized as repetitive, vague, and frivolous.   In deeming the statement to be repetitive, the trial court noted

that the statement appears to claim that each and every one of the trial court's findings of fact was made in error.

In addition, the trial court found Appellant's appeal raised disingenuous and vague issues, pointing to Appellant's assertion that he was denied "the opportunity to testify, answer questions, and/or explain himself throughout the Equitable Distribution Trial." 1925(b) statement, at ¶ 46. The trial court indicated that it had afforded Appellant every leeway throughout trial to present evidence and consult with his counsel, who was the 13th or 14th attorney Appellant had retained through the duration of the litigation process.

Moreover, the trial court emphasized Appellant raised frivolous claims, highlighting Appellant's claim that the trial court failed to give appropriate weight to alleged medical testimony that he is unable to work. However, the trial court indicated that Appellant did not present any such medical testimony to support his allegations and noted that it was undisputed that Appellant was employed full-time at the time of the equitable distribution hearings.

Upon reviewing the record, we agree with the trial court's conclusion that Appellant failed to submit a proper Rule 1925(b) statement and "impeded the trial court's ability to prepare an opinion addressing the issues that [Appellant] sought to raise before this Court, thereby frustrating the Court's ability to engage in a meaningful and effective appellate review process." T.C.O. at 3 (quoting **Kanter**, 866 A.2d at 401).

For the foregoing reason, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/18