J-A03005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GROSSMAN GROUP, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| USA CONSTRUCTION GROUP, LLC AND RAFAEL BENARIE GROSSMAN GROUP, LLC | : | No. 2079 EDA 2023 |
| | : | |
| v. | : | |
| | : | |
| USA CONSTRUCTION GROUP, LLC AND RAFAEL BENARIE | : | |
| | : | |
| APPEAL OF: USA CONSTRUCTION GROUP, LLC AND RAFAEL BENARIE | : | |

Appeal from the Judgment Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210302550, 210302552

| | | |
|---|---|---|
| GROSSMAN GROUP, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| USA CONSTRUCTION GROUP, LLC AND RAFAEL BENARIE GROSSMAN GROUP, LLC | : | No. 2101 EDA 2023 |
| | : | |
| v. | : | |
| | : | |
| USA CONSTRUCTION GROUP, LLC AND RAFAEL BENARIE | : | |
| | : | |

```
                                          :
   APPEAL OF: USA CONSTRUCTION            :
   GROUP, LLC AND  RAFAEL BENARIE         :
```

Appeal from the Judgment Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210302550, 210302552

BEFORE:   BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                          **FILED JANUARY 8, 2026**

USA Construction Group, LLC and Rafeal Benarie (collectively "Defendants") appeal from the judgment entered against them and in favor of Grossman Group, LLC ("Plaintiff") on Plaintiff's claims of breach of contract. We affirm.

The trial court summarized the underlying facts of this case as follows:

> On July 15, 2019, [Defendants] executed a valid agreement with [Plaintiff] (the "Agreement").  [Plaintiff] carried out its responsibilities under the contract by forwarding two URLs under [Plaintiff]'s control to a website of [Defendants]' choice for [Defendants]' sole benefit in exchange for a monthly rental fee. The two URLs at issue are www.ConstructionPhilly.com and www.PhillyConstruction.net (collectively, "the URLs").  While [Plaintiff]'s sole member, Leron Grossman ("Grossman"), was unsure whether the URLs were registered under [Plaintiff] or Grossman, it is clear that [Plaintiff] had the license and authority to execute and perform the Agreement.

> The financial terms of the Agreement required [Defendants] to pay [Plaintiff] $500 per month from July 15, 2019[,] to October 15, 2019, $1,000 per month from October 15, 2019[,] to January 15, 2020, and $1,500 per month from January 15, 2020[,] to April 15, 2020.  In addition, the Agreement provided for a one-year automatic renewal at $1,500 per month unless [Defendants]

_____

[*] Retired Senior Judge assigned to the Superior Court.

provided [thirty] days' notice of termination before April 15, 2020. [Defendants] never filed a notice of termination.

At the start of the Agreement, following the [Defendants]' instructions, [Plaintiff] forwarded the URLs to www.888holdingsllc.com. Despite an attempt to claim otherwise, the evidence shows that [Defendants] were members and/or officers of 888 Holdings LLC. [Plaintiff] continued to direct the URLs to www.888holdingsllc.com through the entire period relevant under the Agreement, even after filing their lawsuit.

[Defendants]' failure to pay under the Agreement began when two separate checks [Defendants] gave to [Plaintiff], both $1,500, were rejected by [Plaintiff]'s bank due to insufficient funds. [Plaintiff]'s bank charged [it] a $24.00 bank fee as a result of the rejected checks, resulting in a total loss for [Plaintiff] of $3,024. [Defendants] then made no payments for one year beginning on April 15, 2020, resulting in an additional amount of non-payment equal to $18,000 (*i.e.*, $ 1,500 per month multiplied by [twelve] months).

Trial Court Opinion, 10/3/24, at 1-3 (cleaned up).

Plaintiff initiated two actions in municipal court to recover the above damages. They were consolidated and heard by an arbitration panel that found in favor of Plaintiff. Defendants appealed, and the trial court found for Plaintiff following a *de novo* trial, issuing detailed findings of fact and conclusions of law. Both sides filed post-trial motions: Plaintiff seeking prejudgment interest, and Defendants raising a slew of challenges to the court's findings. The court granted Plaintiff's request and denied Defendants' motion. Plaintiff entered judgment on the verdict, and Defendants timely appealed.

The trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Defendants to provide "a self-contained and intelligible statement of the errors

[they] actually intend to raise on appeal[.]" Order, 8/6/23. Instead, Defendants filed a seven page, forty-one issue document largely consisting of "a restatement of each of the trial court's findings or conclusions, along with a statement that each finding or conclusion was incorrect or was not supported by the evidence." Trial Court Opinion, 10/3/24, at 4. The court responded with a Rule 1925(a) opinion stating that Defendants did not act in good faith, as this "straightforward contract interpretation case" did not call for so voluminous a statement. *Id*. Accordingly, the court opined that Defendants waived all their appellate issues. *Id*. at 4-7. It alternatively provided a brief explanation as to why its findings were proper and supported by the record. *Id*. at 7-8.

In their appellate brief, Defendants wholly ignore the trial court's waiver analysis. Instead, they argue only one of the forty-one issues they indicated to the trial court that they intended to pursue in this Court, namely that Plaintiff lacked standing to pursue a claim for its breach because Grossman was equivocal about whether the websites were registered to him or to Plaintiff. *See* Defendants' brief at 21-28.

For its part, Plaintiff notes that Defendants do not on appeal challenge the finding that they materially breached the contract. Rather, they "present a red herring" issue concerning standing. *See* Plaintiff's brief at 13. While Plaintiff proffers argument to support its right to sue and recover on the basis that Grossman testified that Plaintiff had his permission to contract out the

URLs, it, like the trial court, primarily advocates for Rule 1925(b) waiver. *Id*. at 14-15.

Thus, we begin our analysis with Rule 1925, which provides, in pertinent part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> . . . .
>
> *(4) Requirements; waiver*.
>
>> (i) The Statement shall set forth only those errors that the appellant intends to assert.
>>
>> (ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.
>>
>> . . . .
>>
>> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
>>
>> . . . .
>>
>> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b).

This Court has explained: "It is well-established that the concise statement is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal." **B.K.P. v. J.R.B.**, 303 A.3d 456, 461 (Pa.Super. 2023) (cleaned up). We have acknowledged that some cases are complex and have a voluminous record, such that a "concise" statement may be several pages long and include many issues. When the claims are stated in good faith and are not unnecessarily prolix, waiver will not result. **See**, **e.g.**, **Eiser v. Brown & Williamson Tobacco Corp.**, 938 A.2d 417, 427 (Pa. 2007) (plurality) (holding that identifying twenty-four issues, in a complicated, multi-count case against many defendants that involved extensive pre-trial proceedings and a two-week trial, did not result in waiver where there was no indication that the appellant acted in bad faith); **Maya v. Johnson & Johnson**, 97 A.3d 1203, 1211 n.4 (Pa.Super. 2014) (declining trial court's invitation to find waiver as a result of an eleven-page, twenty-three-paragraph statement in a complex case with thousands of pages of testimony and the absence of bad faith).

However, if a filing is unnecessarily copious, having been proffered in bad faith in an attempt to overwhelm the trial court, waiver will pertain. **See**, **e.g.**, **Mahonia v. Engel**, 145 A.3d 175, 182 (Pa.Super. 2016) (holding, where the appellant stated eighty-seven issues, and the trial court refused to address the "overly vague, redundant, and prolix" claims of error, that the record

- 6 -

supported the trial court's finding that the "voluminous 1925(b) statements failed to set forth non-redundant, nonfrivolous issues in an appropriately concise matter"); **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 214 (Pa.Super. 2008) (finding waiver where the appellant's five-page statement demonstrated "a deliberate attempt to circumvent the meaning and purpose of Rule 1925(b) and to overwhelm the court system to such an extent the courts are forced to throw up their proverbial hands in frustration").

Here, despite the admonitions of the Rule itself and the trial court's order that Defendants state only the errors they intend to raise on appeal, they filed a statement listing an additional forty issues beyond the one raised on appeal, in a simple contract case that originated in municipal court and culminated in a trial with a transcript of less than one hundred pages. Consequently, the frustrated trial court authored an opinion expressing its belief that Defendants acted in bad faith and addressing the overall gist of the prolix issues, but not the one buried among them that Defendants elected to argue in this Court. As a result, we are left without the benefit of the trial court's reasoning on that issue. Moreover, Defendants have not addressed the trial court's bad faith finding, ignoring it completely rather than offering a plausible explanation why it jettisoned forty of its complaints after the trial court filed its opinion.

In these circumstances, we deem it appropriate to accept the trial court's invitation to find waiver pursuant to Rule 1925(b)(4). Since

Defendants have thus waived their appellate issues, we have no cause to disturb the judgment entered on the trial court's verdict.

Judgment affirmed.  Oral argument scheduled for January 27, 2026, is hereby cancelled.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/8/2026