J-S46045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SANTIAGO ROBLES | : | |
| | : | |
| Appellant | : | No. 1521 MDA 2016 |

Appeal from the PCRA Order September 6, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003806-2008

BEFORE:   BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED JULY 07, 2017**

Appellant, Santiago Robles, appeals *pro se* from the September 6, 2016, order entered in the Court of Common Pleas of Berks County denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On July 9, 2008, during an argument, Appellant shot and killed the unarmed victim, Herbert "Buddy" Rupp.  Following a bench trial, Appellant was convicted of third-degree murder, aggravated assault, and recklessly endangering

_____

[*] Former Justice specially assigned to the Superior Court.

another person.[1]  The trial court imposed an aggregate sentence of twelve years to twenty-five years in prison.

Appellant did not initially file a timely direct appeal; however, after his appeal rights were reinstated via the PCRA, Appellant filed an appeal *nunc pro tunc* from his judgment of sentence.  On appeal, Appellant challenged the sufficiency of the evidence sustaining his convictions.[2]  Finding no merit to his claims, on August 28, 2012, this Court affirmed his judgment of sentence.  **See Commonwealth v. Robles**, No. 1919 MDA 2011 (Pa.Super. filed 8/28/12) (unpublished memorandum).  Appellant filed a petition for allowance of appeal, which our Supreme Court denied on April 3, 2013. Appellant did not file a writ of *certiorari* with the United States Supreme Court.

On December 4, 2013, Appellant filed a timely first PCRA petition *pro se*.  The PCRA court appointed counsel to assist Appellant, and on June 8, 2015, counsel filed a petition seeking to withdraw her representation and a

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), and 2705, respectively.

[2] Specifically, Appellant contended the evidence was insufficient to conclude that he had the requisite *mens rea* for third-degree murder, aggravated assault, or recklessly endangering another person.  He further contended the Commonwealth failed to produce sufficient evidence to disprove his claim of self-defense.

***Turner/Finley***[3] no-merit letter. On February 24, 2016, the PCRA court granted counsel's petition to withdraw, and after providing Appellant with notice of its intent to dismiss Appellant's first PCRA petition, the PCRA court dismissed the petition on September 6, 2016.

This timely *pro se* appeal followed. On December 28, 2016, the PCRA court directed Appellant to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement, and on January 17, 2017, Appellant filed a four-page Rule 1925(b) statement in which he listed forty-nine issues. On January 30, 2017, the PCRA court filed a Rule 1925(a) opinion urging this Court to find Appellant's issues to be waived under Rule 1925(b).

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

***Commonwealth v. Johnson***, --- Pa. ---, ---, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

Preliminarily, we agree with the PCRA court that Appellant has waived his issues on appeal by failing to file a concise and coherent Rule 1925(b) statement to allow the PCRA court to understand the issues being raised on appeal. In this regard, we point to the following relevant portion of the PCRA court's Rule 1925(a) opinion:

---

[3] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*.)

Pursuant to [Rule] 1925(b), Appellant was ordered to file a Concise Statement of Matters Complained of on Appeal [ ]. Rather than succinctly identifying any deficiencies or defects in the [PCRA court's] dismissal of his PCRA petition, Appellant filed a four-page [Rule] 1925(b) statement raising forty-nine issues— some containing sub-issues—that the [c]ourt is largely unable to understand....

The purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal. In order to avoid waiver, Rule 1925 requires that:

(i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

***

(iii) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

Pa.R.A.P. 1925(b)(i), (ii), (iv).

***

The instant case before the [c]ourt is the appeal of a straightforward PCRA dismissal. [The PCRA court] addressed each of Appellant's seven issues [that were raised in the PCRA court] in [the] notice of intent to dismiss and explained why each issue lacked merit....Rather than filing a concise [Rule] 1925(b) statement in response to [the PCRA court's dismissal order] as the Rule requires and as directed by [the] [c]ourt, Appellant filed a four-page statement replete with legal gibberish, from which the [c]ourt can discern no legitimate appellate issue.

What [the PCRA court is] able to glean from Appellant's concise statement is that it is an attempt to overwhelm the [c]ourt with incoherent jargon, further illustrated by the fact that

Appellant has filed, and continues to file, a multitude of redundant motions with [the] [PCRA court]. Due to the incoherent, voluminous nature of Appellant's concise statement, [the PCRA court is] unable to engage in a meaningful analysis of the issues. [The PCRA court] therefore concludes that Appellant's concise statement is the functional equivalent of no concise statement at all and deemed a waiver. Accordingly, [the PCRA court] decline[s] to address the issues raised therein.

PCRA Court Opinion, filed 1/30/17, at 3-5 (quotation marks, quotations, and citations omitted). We agree with the PCRA court's analysis in this regard.

Pennsylvania Courts have repeatedly held that an appellant waives all matters for review where he identifies an outrageous number of issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding seven page, twenty-nine issue statement resulted in waiver); *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004) (finding fifteen page, fifty-five issue statement resulting in waiver). However, "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." *Mahonski v. Engel*, 145 A.3d 175, 181 (Pa.Super. 2016) (quotation marks and quotation omitted). We have recognized that the complexity of the matter under review is a consideration for courts to make prior to finding waiver based on the sheer volume of the concise statement. *Id.*

Moreover, this Court has held:

Rule 1925 is intended to aid [lower court] judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate

- 5 -

process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the [lower] court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all.

**Commonwealth v. Ray**, 134 A.3d 1109, 1114 (Pa.Super. 2016) (quotation omitted).

Accordingly, this Court has concluded that the submission of a Rule 1925(b) statement which is so redundant, vague, incoherent, or confusing as to prevent the lower court from engaging in a meaningful analysis results in waiver of all claims presented. **Mahonski**, **supra** (finding waiver of all claims where statement was overly vague, redundant, and contained multiple sub-issues); **Ray**, **supra** (finding waiver of all claims where the appellant failed to identify his claims in an adequate and concise manner).

In the case *sub judice*, we agree with the PCRA court that Appellant has failed to submit a proper Rule 1925(b) statement. Appellant's four-page statement containing forty-nine issues is redundant, vague, and confusing such that it prevented the PCRA court from meaningfully identifying the issues Appellant wished to raise on appeal. Further, we find no error in the PCRA court's conclusion that the instant PCRA case is "straightforward" and Appellant's voluminous Rule 1925(b) statement is an attempt to overwhelm the court "with incoherent jargon." PCRA Court Opinion, filed 1/30/17, at 4. Accordingly, since Appellant failed to adequately identify in a concise and

coherent manner the issues he sought to pursue on appeal, we agree with the PCRA court that Appellant has waived all issues on appeal.[4]

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017

---

[4] We note the Commonwealth submits in its appellee brief that, assuming, *arguendo*, waiver is inappropriate under Rule 1925(b), Appellant has otherwise waived his appellate claims by submitting a defective appellate brief. We agree. Appellant's appellate brief sets forth bald assertions of error, lengthy narratives, and incoherent analysis. Thus, we are unable to engage in meaningful review. We recognize that Appellant is proceeding *pro se*, however, Appellant must still abide by our Rules of Appellate Procedure, and he is not entitled to any particular advantage because he lacks legal training. *See **Commonwealth v. Rivera***, 685 A.2d 1011 (Pa.Super. 1996).