J-S06028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: FREDERICK R. SCOTT, DECEDENT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: JULIE A. JABLONSKY | : | |
| | : | |
| | : | No. 1841 EDA 2023 |

Appeal from the Decree Entered June 26, 2023
In the Court of Common Pleas of Carbon County Orphans' Court at
No(s):  9180-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 11, 2024**

Julie A. Jablonsky appeals *pro se* from the final decree entered as to the estate of her father, Frederick R. Scott ("Decedent"), and dismissing her exceptions to the decree nisi. We affirm.

Decedent died testate in May 2020. Decedent's grandson, Dylan Scott ("Executor"), was granted letters testamentary and appointed executor of the estate. Executor filed a First and Partial Account and a Petition for Abatement of Specific Bequest. The Petition asked the court to enter an order allowing Executor to sell Decedent's real property, where Jablonsky resided, and which Decedent had devised to her, to satisfy the claims against the estate.

Jablonsky, through counsel, filed objections to the First and Partial Account. She also filed an answer to the Petition for Abatement of Specific Bequest, a brief in support, and two memoranda of law.

The court appointed Eric R. Strauss, Esquire ("the Master") as a master to issue recommendations to the court. The Master filed an interim report, a second interim report, and, following a hearing, a Report of Master ("Report"). The Report recommended that the court grant the Petition for Abatement of Specific Bequest, order Executor to sell the real property, and order Jablonsky to vacate the residence. It recommended any remaining proceeds following the sale be the subject of a Second and Final Account. The Report also recommended that the court deny Jablonksy's objections to the First and Partial Account except for her objection to Executor's counsel fees, which the Report recommended be deferred until review of the Second and Final Account.

The court entered a decree nisi adopting the findings of the Report and implementing its recommendations. The decree nisi dismissed Jablonsky's objections to the First and Partial Account, except for her objection to Executor's legal fees, which the court deferred until the filing of the Second and Final Estate Account. It granted the Petition for Abatement of Specific Bequests and ordered Jablonsky to vacate the real property.

Jablonsky thereafter proceeded *pro se*. She filed exceptions to the decree nisi, a Petition to Intervene and an Amended Petition to Intervene, and a Motion for Nunc Pro Tunc to Correct Omissions. The court denied Jablonsky's petitions and motions, and on June 26, 2023, entered a final decree denying her exceptions to the decree nisi.

Jablonsky appealed. The court ordered her to file a concise statement of matters complained of on appeal, pursuant to Rule 1925(b). *See* Pa.R.A.P. 1925(b). Jablonsky timely filed a statement spanning 21 pages and raising 52 issues. The next day, she timely filed an amended statement raising 60 issues.

The trial court issued a Rule 1925(a) opinion finding Jablonsky had waived all issues for review because of the deficient nature of her Rule 1925(b) statement. The opinion stated,

> [W]hile the number of issues identified in [Jablonksy's] 1925(b) Statement, by itself is not dispositive, when compared to the complexity of the case and the limited number of issues before the Master, we cannot find that this case, involving a one hour Master's hearing, warrants the number of errors alleged by [Jablonsky]. . . .
>
> Rather than assisting this [c]ourt in preparing an opinion, [Jablonsky's] voluminous Rule 1925(b) Statement has hindered our ability to address the issues she seeks to raise before the Superior Court. Many of the issues raised by [Jablonksy] are redundant, frivolous and provide lengthy explanations concerning errors asserted. Such a statement is contrary to Rule 1925(b)(4) and circumvents the purpose of the Rule, effectively precluding meaningful appellate review.

Trial Court Opinion, filed 9/14/23, at 10-11.

The opinion also stated the court found the Report had been sufficiently detailed, was based on a thorough hearing, and addressed all issues Jablonsky had timely raised in her objections to the First and Partial Account and her Answer to the Petition for Abatement of Specific Bequests. The opinion stated the court "reviewed the case [and] examined the [R]eport and recommendations" before adopting it and entering the decree nisi. *Id.* at 12.

The opinion also addressed Jablonsky's exceptions to the decree nisi. The court found the exceptions to be "imprecise and stated with extensive discussion" and "to be seeking further judicial hearings or *de novo* review of the matters considered by the Master." ***Id.*** The court concluded that the Report "was supported by competent and adequate evidence as reflected in the record, that the [M]aster committed no error in applying the law to the relevant facts and that [Jablonsky's] exceptions were without merit." ***Id.*** at 13.

Rule 1925(b) provides that "[i]f the judge entering the order giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b). "The function of the concise statement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review – so as to facilitate the writing of the opinion." ***Commonwealth v. Rogers***, 250 A.3d 1209, 1224 (Pa. 2021).

However, "when an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." ***Commonwealth v. Landis***, 277 A.3d 1172, 1181 (Pa.Super. 2022) (citation omitted), *appeal denied*, 292 A.3d 849 (Pa. 2023). Thus, where a 1925(b) statement is vague, incoherent, or outrageously protracted, we may find waiver. ***See Commonwealth v. Vurimindi***, 200 A.3d 1031, 1038-39

(Pa.Super. 2018); *Tucker v. R.M. Tours*, 939 A.2d 343, 346-47 (Pa.Super. 2007); *Kanter v. Epstein*, 866 A.2d 394, 400-01 (Pa.Super. 2004).

"Although Rule 1925(b) dictates that the number of issues raised in a concise statement will not be grounds for finding waiver, this principle applies only '[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[.]'" *Int. of D.R.*, 216 A.3d 286, 291 (Pa.Super. 2019) (quoting Pa.R.A.P. 1925(b)(4)(iv)). An excessive number of issues is grounds for finding waiver where the complexity of the case does not substantiate the number of issues and the trial court makes a finding the appellant intended "to deliberately circumvent the meaning and purpose of Rule 1925(b)." *Vurimindi*, 200 A.3d at 1039 (quoting *Eiser v. Brown & Williamson Tobacco Corp.*, 938 A.2d 417, 427 (Pa. 2007) (plurality)).[1]

Our review confirms that Jablonsky's Rule 1925(b) statements failed to identify with sufficient concision and clarity the issues she intended to argue on appeal. The issues she raised in her statement were, generally, vague, redundant, or frivolous, and her failure to provide an adequately clear and concise Rule 1925(b) statement effectively prevented the trial court from authoring a responsive opinion.

_____

[1] *See also Mahonski v. Engel*, 145 A.3d 175, 181 (Pa.Super. 2016) (affirming trial court's finding of Rule 1925(b) waiver where the case "concern[ed] conventional breach of contract claims that only required a two-day trial," the statement was "overly vague, redundant, [and] prolix," and the court found the attorney had filed the statement in bad faith).

Even if Jablonsky had not committed waiver by failing to properly comply with Rule 1925(b), the material defects in her appellate brief have hindered appellate review and warrant dismissal of the appeal. *See* Pa.R.A.P. 2101. *Pro se* litigants are not excused from the briefing requirements. *See **Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa.Super. 2021) ("[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant" (citation omitted)). This Court cannot fulfill the role of appellate counsel. *Id.* at 761. Therefore, where a *pro se* appellant's failure to conform to the rules hinders our ability to conduct effective review, we may dismiss the appeal. *Id.* at 761; *see also **Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa.Super. 2021).

Jablonsky's brief suffers from substantial defects. The failing that has most seriously impeded our review is her failure to support the bulk of her arguments with analysis of authority. *See* Pa.R.A.P. 2119(a). Where she has cited authority, she has not cogently discussed its application to the facts of this case. In addition, her statement of questions involved raises approximately 31 issues.[2] *See* Pa.R.A.P. 2116(a) ("The statement of the

---

[2] Jablonsky's Statement of Questions Involved raises the following issues:

> Did the Trial Court Err & not Conform with the CPA Law (63 PS Subtitle 9.12) allowing the Master appointed Eric R. Strauss Esq., & the Opposing Counsel Jason M. Rapa Esq., To Engage In

*(Footnote Continued Next Page)*

Accounting Practices & Perform an Audit When Unqualified as a CPA or PA?

Did the Trial Court Err & not Conform with Rules regarding Form of Account, Where Receipts, Dates of All Transactions, & all Supporting Documents were not Provided In Accordance With 231 PA Code Rule 2.1? Neither the Account nor the Petition for Adjudication comply with the Orphans Court Rules.

Did the Trial Court Err & not Conform With Accounting Practices & Laws Where the Accounting was not Validated & Included Amounts in the Assessment of the Accounting which Were not Expenses of the Estate & were attempts to have Appellant match Amounts that were Not applicable & akin to Double Billing Schemes or Duplicity & also Excluded Amounts for Exemptions, Exclusions & Deductions for which the Appellant was Entitled?

Did the Trial Court Err & not Conform With Accounting Practices Where an Amount Included In the Assessment for the Accounting Presented an Amount of $12,000.00 for a vehicle In which the Executor Inherited through the Will & Sold for a $12,000.00 Profit & was Levied against the Appellant as a Requisite to Initiate a Deed Transfer for the Property she was Devised In the Will as sole Beneficiary?

Is It not an Attempt to have the Appellant Match the Same Amount In Which the Executor Profited akin to double billing? This Amount was not Included In the Principal Balance of Hand, Combined Balance on Hand, or Proposal Distribution to Beneficiaries & the Fair Market Value was Higher.

Did the Trial Court Err & not Conform with Laws of Accounting where there was disregard for an Amount Included in the Assessment of the Accounting which included an Amount of $8,000.00 for an Iolta Reserve? Was this not an Attempt to have Appellant match that Amount which Is not an Estate Expense & Is In Contrast Money from the Estate transferred to the Reserve to be Used for Estate Expenses Where The Appellant would be Entitled to the Remainder If Used towards any alleged Estate Expenses?

Did the Trial Court Err & not Conform with FRCP Rule 53, where Appellant was not given adequate Notice, & was not notified for

*(Footnote Continued Next Page)*

sometime until after the Master had been Appointed, & was not given a chance to recommend a master, nor was she given a chance to be heard until the last meeting where she was rebuked while attempting to defend herself while opposing Counsel harassed, demeaned, & slandered her?

Did the Trial Court Err & not Conform with FRCP Rule 53, regarding Ex parte Communications, where Opposing Party was permitted to Communicate Ex Parte, but the Appellant was not & was Rebuked when attempts to Correspond with Master were pursued, where there was not an Order Conveyed to the Appellant regarding this matter? Was this not Partial to the Opposing Parties?

Did the Trial Court Err allowing Intervention of Counsel Attorney Michael Gough on behalf of Veronica Scott, after she had received all her Inheritance & had No More Interest In the Estate, & had No right to anything additional other than what she was devised, Nor does she have a right to Apportionment of what the Defendant was Explicitly Relinquished as Sole Beneficiary?

Did the Trial Court Err by Denying Appellants Right to a Timely Formal Accounting & Denying her Right to a Qualified CPA to Audit & Validate the Accounting?

Did the Trial Court Err Regarding Conflicts of Interest Involving Appellants Prior Counsel & Presiding Judge?

Did the Trial Court Err allowing Executor to attempt To Deplete Appellants Inheritance when there were no Debts of the Estate & Executor Dylan Scott & Veronica Scott both received their Inheritance In full, where the Remaining Assets left to the Estate are devised to Appellant as Sole Beneficiary?

Did the Trial Court Err where Claims & Evidence of Misconduct & Fraud perpetrated by the Executor were Disregarded? Where such claims & Evidence were relevant to The Estate, where Executor Subscribed checks to himself for his own Personal Use, & not In the best Interest of the Testator while Testator was Incapacitated & intubated In a hospital Facility & the Executor was not authorized to do so since he did not retain Power of Attorney Status, Therefore Can It be concluded that If the Executor was Involved In fraudulent acts Involving the Testators Estate shortly

*(Footnote Continued Next Page)*

- 8 -

_____

Before his Demise It would be easy to anticipate he could or would do the same after the Death of the Testator & also had taken boxes Containing Heirlooms? Should such fraud go without Notice? How Could this not be Relevant? The Trial Court Stated this was not Relevant

Did Trial Court Err by Denying Petition for Nunc Pro Tunc to Correct Omissions Pursuant to FRCP Rule 60(a) which were Egregiously & Intentionally omitted by Appellants Prior Counsel with whom there were Conflicts of Interest & engaged In Misconduct? The Trial Court Denied this Motion without any valid Reasoning

Did the Trial Court Err & not conform with The Equal Protection Act, Where the Trial Court Subjected the Bequests Devised to the Appellant to be applied to any said Expenses of the Estate but did not apply the same standards to the Bequests devised to the Opposing parties, was this not Partial to the Opposing Parties?

Did the Trial Court Err where The Motion & Amended Motion to Intervene on behalf of the Appellant was Ruled on by Two Separate Judges only one Day Apart with different Rulings?

Did the Court Err by Denying Consolidation of Cases relative to the Estate?

Did the Court Err as a matter of Law by disregarding parts of the Masters Report Noting the Master finds the Amount listed on schedule H of the Inheritance Tax Return that do not appear In the Account, Notably the Accountant Fees, In the Amount of $5,000.00, to be high, where the Estate has few Assets that earned no Significant Income, also noting no testimony was offered related to the fees & It should be explained In Detail.

Did The Trial Court Err by neglecting to address an Amount of $482,463.25 purported to be an Annuity by Decedent Through Equitrust & later alleged to be a mistake although the Amount of the Assessment for the Accounting did not change, which should have decreased?

Did the Trial Court Err where Amounts for Administration & Attorney Fees were Excessive & Gratuitous where Compensation

*(Footnote Continued Next Page)*

- 9 -

_____

must be reasonable & Executor Engaged In Dereliction of Duty & Misconduct. 20 PA. CSA Subtitle 3537.

Did the Court Err where Money left to the Estate was not Listed as Deductions Used for any alleged Expenses of the Estate, Where Funds Existed In the Decedent's Bank Account?

Did the Trial Court Err as a matter of Law where Documentation for Checking Accounts, Savings Accounts, CDs & Trust Funds were not produced.

Did the Trial Court Err where Discrepancies exist In the Accounting, where Administration Expenses In the Petition for Adjudication/Statement of Proposal Distribution were noted as $8,175.00 & Expenses on the Disbursements of Principal are listed as $5,004.65?

Did the Trial Court Err as a matter of Law where there was Disregard to Assets such as Roth IRAs Irrevocable Trusts, & Annuities that are akin to Life Insurance & are Exempt from Inheritance Taxes?

Did the Trial Court Err as a matter of Law where there was Disregard for Rules of Interpretation involving the fifth paragraph of the Will Stating Expenses of the Estate shall be paid from the Principal Of the Estate? This could mean the Embodiment of the Estate which Includes all assets probate & non probate, or It could mean profit from rents, dividends & Interest which would not apply, since the Will explicitly states the property Is devised & there was no Intent to Rent the Property.

Did the Trial Court Err as a matter of Law In Disregard for Subtitle 301(b) of Pa. Title 20 providing Legal Title to all Real Estate of a Decedent shall pass at the time of death to Heirs or Devisees, Subject to powers granted to Executor & LAWFULLY by the Will. Implying not to abuse Discretion for personal gain. Pa. Title 20 Subtitle 2514(3) provides all devisees of Real Estate shall pass the whole Estate of the testator of the premises devised.

Did the Trial court Err as a matter of Law by Citing In the Decree Nisi the Court shall retain Jurisdiction of said case for Enforcement & other purposes? Would this not Deny Appellants Right to change Venue If Conflicts of Interest, Misconduct, or even Fraud on the

*(Footnote Continued Next Page)*

- 10 -

questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail"). Her argument is not divided into sections corresponding to her questions. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated

---

Court would be proven, retaining power & control & diminishing rights when rights & rules are violated?

Did the Trial Court Err as a matter of Law where there was Disregard for 26 CFR Subtitle 20.2039 — Annuities & Other Trusts are not Includable In the Gross Estate. If Proceeds are not payable to the Estate & are payable to a beneficiary then proceeds are not Included In the Gross Estate.

Did the Trial Court Err as a Matter of Law with Disregard for Roth IRAs & Non Qualified Annuities that are tax free, or Qualified Annuities taxed depending on difference between principle paid & value at time of Death? Taxes of Certain Accounts depend on the portion that Is Taxable & factors need to be considered before applying the correct taxable percentage.

Did the Trial Court Err & abuse Its Discretion by Disregard for Attorney Misconduct & Denying A Motion Nunc Pro Tunc To Correct Omissions without Reviewing Evidence related to Counsel Egregiously Omitting Objections against Appellants Volition? Would It not seem Dubious or Improbable to anticipate a party would willingly agree to have objections In which they composed with due diligence Immediately withdrawn which were pertinent to the case at hand, but maintain those which were trivial?

The Trial Court Denied Appellants Motion for Removal of Executor with Prejudice & also Noted In an order that they would retain Jurisdiction over all matters of said Case. Is this not a violation of the Appellants Rights?

Jablonsky's Br. at 4-10 (some formatting altered).

- 11 -

therein"). Rarely does Jablonsky identify where she preserved her issue before the trial court. *See* Pa.R.A.P. 2119(e). Her multiple failures to follow briefing requirements of the Rules of Appellate Procedure have materially impeded appellate review.

As Jablonsky's Rule 1925(b) statement has prevented the trial court from responding to her claims of error, and Jablonsky's appellate brief has hindered our ability to discern and decide her issues, we find waiver of all issues on appeal and affirm the decree.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024